IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAHMOUD A. GABALLA,  :
Individually and as Administrator of  :
the ESTATE OF AMAL ROWEZAK  :
and MAHA GABALLA  :  Case No. 4:11-cv-1718
 :
      Plaintiffs,  :  (Judge Brann)
 :
  v.  :
 :
STACEY L. TANNER,  :
 :
      Defendant.  :

**MEMORANDUM**
June 14, 2013

Pending before this Court is Defendant's Motion for Reconsideration (Feb. 18, 2013, ECF No. 34) and Motion for Leave to File and Amend an Interpleader Counterclaim (Feb. 18, 2013, ECF No. 36). Oral argument was conducted in this matter on June 5, 2013. See ECF No. 48. The motions have been appropriately briefed and are ripe for the Court's review. Upon consideration of the briefs before it, and the arguments of the parties, the Court finds as follows.

**I.  Background**

The instant litigation arises from an automobile accident on August 26, 2010 in Tioga County, Pennsylvania, wherein the vehicle driven by Defendant Tanner collided head-on with the Gaballa's car, killing one passenger and injuring three

1

others.  Tanner held an auto insurance policy from Geico Insurance Company ("Geico") with a maximum liability limit of $100,00.00.  Geico is not, and has never been, a party to the present litigation.

On January 27, 2011, counsel for the parties engaged in settlement negotiations which culminated in Plaintiffs' counsel representing that his clients would agree to a distribution of the policy limit.  Order, Nov. 15, 2012, ECF No. 29.  Subsequently, on February 21, 2011, upon receiving the settlement agreement, Plaintiffs' counsel communicated to Defendant's counsel that his clients would not, in fact, sign the release because doing so would relieve Defendant of any further civil liability for which they believed she was responsible.  Id.  Despite this unanticipated turn of events and for reasons that remain unclear to the Court, Geico dispersed a $25,000.00 settlement payment to one of the injured parties – the passenger in Tanner's vehicle.  Id.  Plaintiffs' counsel expressed his clients' disagreement with the payment, describing it as "inequitable" under the circumstances.  Id.

The instant litigation followed, commencing on September 14, 2011 and including allegations of negligence, negligent infliction of emotional distress, wrongful death, and a survival action.  Compl., ECF No. 1.  On March 14, 2012, defendant moved to enforce the settlement agreement contemplated by the parties'

correspondence on January 27, 2011. ECF No. 18. The Court denied the motion by Order dated November 15, 2012. ECF No. 29.

Defendant subsequently filed the two motions which are before this Court: (1) the Motion for Reconsideration of the Court's November 15, 2012 Order and (2) the Motion for Leave to File and Amend an Interpleader Counterclaim, and oral argument was thereafter conducted before the Court, as noted above. See ECF Nos. 34, 36.

## II. Discussion

### A. Motion for Reconsideration

#### 1. Legal Standard

Although not specifically recognized by any of the Federal Rules of Civil Procedure, a motion for reconsideration may be reviewed and considered under either Federal Rule Civil Procedure 59(e) or 60(b). See Burger v. Mays, 176 F.R.D. 153, 155 (E.D. Pa. 1997) (Van Antwerpen, J.); and see Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3rd Cir. 1990) (motions for reconsideration are functional equivalents of motions to alter or amend judgment under Fed. R. Civ. P. 59(e)). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted).

A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by Lou Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to re-litigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa.2002) (McClure, J.) "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Hill v. Tammac Corp., 2006 WL 529044, at *2 (M.D. Pa. Mar.3, 2006) (Kane, J.)  In short, the reconsideration of a judgment is an extraordinary remedy and should be granted sparingly. Arlington Industries, Inc v. Bridgeport Fittings, Inc., 2012 WL 5296165, at *2 (M.D. Pa. Oct. 25, 2012) (Caputo, J.) citing D'Angio v. Borough of Nescopeck, 569 F.Supp.2d 502, 504 (M.D. Pa. 1999) (McClure, J.)

    2.    Discussion

Defendant has neither alleged a change in the controlling law nor the

existence of new evidence not previously before the Court.  Thus, the only basis for Defendant's motion to reconsider is that the Court committed clear error in denying Defendant's Motion to Enforce Settlement by its November 15, 2012 Order.  ECF No. 29.  Although Defendant does not specifically identify clear error as the basis for her motion, the Court presumes as much by her argument that the "most illustrative and important document evidencing the agreement reached between the parties is contained in the letter of February 7, 2011" and that the "[C]ourt's focus and interpretation of the letter of February 11, 2011 was misplaced as the operative issue was the agreed amount of the settlement." Def. Mot. Reconsideration 2-3, ECF No. 35.  This appears to be little more than an attempt to re-litigate a point of disagreement – the correct interpretation of the February 7, 2011 letter – between the Court and the litigant.  It is respectfully suggested that this is not the proper purpose of a motion for reconsideration.  <u>See e.g.</u>, <u>Malaysia Intern. Shipping Corp. v. Sinochem Intern. Co. Ltd.</u>, 2004 WL 825466, at *2-4 (E.D. Pa. Apr. 13, 2004) (Van Antwerpen, J.) (denying motion for reconsideration based on the Court's failure to properly consider certain evidence), <u>Einhorn v. Kaleck Brothers, Inc.</u>, 713 F.Supp.2d 417, 427 (D. N.J. 2010) (Irenas, J.) (simply disagreeing with the court's application of the legal standard of review does not meet the burden required to reconsider a judgment), <u>and</u> <u>see</u> <u>Jobe v.</u>

Argent Mortg. Co., LLC, 2009 WL 801866, at *1 (M.D. Pa. Mar. 25, 2009) (Vanaskie, J.) (mere disagreement with the Court does not translate into clear error of law, only a *patent* misunderstanding by the Court will suffice), Colon ex rel. Disen-Colon v. Colonial Intermediate Unit 20, 443 F.Supp.2d 659, 667 (M.D. Pa. 2006) (Munley, J.) (motion for reconsideration should not be used to convince the court to rethink its decision).

Defendant's motion recites the legal requirements of a valid contract, reiterates the policy in favor of voluntarily settling lawsuits, and re-argues that acceptance of the settlement agreement was made by the February 7, 2011 letter – points identical to those made in Defendant's Motion to Enforce Settlement and properly considered by the Court in its November 15, 2012 Order. See ECF Nos. 23, 29, 35. In concluding that "all communications leading up to Geico's offer on February 11, 2011 were merely preliminary negotiations," the Court found that the January 18, 2011 letter made it "pellucidly clear" that no offer was created by that correspondence and the February 11, 2011 letter created a counter-offer that was never accepted by the Plaintiffs. Order, Nov. 15, 2012 10, ECF No. 29. In reaching its decision, the Court carefully considered the elements necessary to create a binding, legally enforceable contract along with the relevant correspondence, including the February 7, 2011 letter.

6

While Defendant may disagree with the Court's analysis and ultimate conclusion, this does not provide a basis to reconsider its judgment. It is also noted that Defendant points to no error of law or patent misunderstanding of the facts which may entitle her to relief. Instead, Defendant uses the motion for reconsideration as a means to re-argue a point which she has already lost and which was thoroughly considered by this Court. Accordingly, the motion will be denied.

B. <u>Motion for Interpleader</u>

Defendant seeks to have the $75,000.00 remaining from her insurance policy with Geico be paid to the Court and held in escrow for distribution to the Plaintiffs as the Court deems proper. Although Defendant's motion indicates that she would also like to be released from further liability by Plaintiffs, at the June 5, 2013 argument, counsel for Defendant made clear that granting the request for interpleader would not limit Plaintiffs' damages against Defendant and that Defendant does not stand to benefit from the interpleader. This is a most unusual interpleader request for which neither of the parties nor the Court can find precedent.

The purpose of the Federal Rule of Civil Procedure 22 interpleader device is to allow a party who fears the prospect of defending multiple claims to a limited

fund or property, that is under its control, to settle the controversy and satisfy his obligation in a single proceeding. Prudential Ins. Co. of America v. Hovis, 553 F.3d 258, 262 (3rd Cir. 2009) quoting 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1704 at 540-41(3d ed. 2001). That is to say, a stakeholder who admits it is liable to one of the claimants may file suit, deposit the property with the Court, and withdraw from the proceedings. See Hovis, 553 F.3d at 262, Metro Life Ins. Co. v. Price, 501 F.3d 271, 275 (3rd Cir. 2007). Defendant Tanner's posture in the instant litigation does not comport with the objectives of the interpleader device.

Tanner may rightfully be concerned by the vexation of multiple claims against her and certainly might wish to withdraw from these proceedings. She is certainly not, however, the innocent stakeholder for whom the interpleader was designed to protect. See Hovis, 553 F.3d at 262-63 (result of interpleader is that the innocent stakeholder is discharged from further liability with respect to the subject of the dispute).

First and foremost, Tanner does not maintain any control over the insurance proceeds. Id. at 262 (party seeking interpleader must have control over the property or fund to which claims are being made). She is merely the beneficiary of an insurance policy owned by Geico – who has *not* moved to interplead the

8

remaining policy limit.  Second, as the Defendant in the instant litigation, Tanner is admittedly the party who bears responsibility for the subject matter of this suit. See Id. at 263 (where party stands as a wrongdoer with respect to the subject matter of the suit, he cannot have relief by interpleader).  Finally, as counsel conceded at argument, Tanner's liability is not limited to the remaining $75,000.00 and the Court sees no reason to so cap Plaintiff's damages.  Thus, it seems clear that interpleader under Federal Rule of Civil Procedure 22 is not an appropriate procedure for the Court to utilize in resolving the issues at bar.  Consequently, Defendant's motion for leave to file an interpleader counterclaim will also be denied.

## III. Conclusion

For the reasons discussed herein, the Court will deny Defendant's Motion for Reconsideration and Motion for Leave to File and Amend an Interpleader Counterclaim.  An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann  
Matthew W. Brann  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAHMOUD A. GABALLA, :
Individually and as Administrator of :
the ESTATE OF AMAL ROWEZAK :
and MAHA GABALLA : Case No. 4:11-cv-1718
 :
    Plaintiffs, : (Judge Brann)
 :
v. :
 :
STACEY L. TANNER, :
 :
    Defendant. :

## ORDER
June 14, 2013

**AND NOW,** this 14th day of June, 2013, the Defendant's Motion for Reconsideration (ECF No. 34) and Motion for Leave to File and Amend an Interpleader Counterclaim (ECF No. 36) are both hereby **DENIED.**

                  BY THE COURT:

                  s/Matthew W. Brann
                  Matthew W. Brann
                  United States District Judge